IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA J. HUMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-18-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B), in this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). Judge Purcell recommends affirmance of the Commissioner's denial of Plaintiff's application for disability insurance benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of issues specifically raised by the objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An administrative law judge (ALJ) found that Plaintiff had severe impairments of recurrent pneumonia, scoliosis, and anxiety-related disorder during the relevant time period, that is, between the alleged onset date of January 1, 2001, and the last insured date of December 31, 2005. The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform a full range of light work limited by a need for a clean air environment, simple tasks and instructions, and routine supervision, and determined at step five of the sequential analysis that there existed jobs in significant numbers in the national economy that Plaintiff could have performed. In this action, Plaintiff has alleged three points of error by the ALJ: (1) failure to properly develop the record

regarding Plaintiff's scoliosis; (2) inadequate evaluation of the medical evidence to permit meaningful judicial review; and (3) erroneous determination of Plaintiff's RFC due to a failure to consider the effects of Plaintiff's daily use of a nebulizer and her recurrent episodes of pneumonia on her ability to maintain employment. Judge Purcell in his Report carefully considers each of these issues and, based on the administrative record and the parties' briefs, finds the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff objects to Judge Purcell's analysis of all issues.[1]

### Failure to Develop the Record

The issue presented is whether the ALJ erred by not requesting medical evaluations by orthopedic and pulmonary specialists. Plaintiff relies on statements by her treating physician suggesting that an orthopedist or pulmonologist might be able to determine whether there was a link between her scoliosis and recurrent pneumonia. Judge Purcell finds that the ALJ did not fail to develop an adequate record concerning Plaintiff's scoliosis and pulmonary function because the ALJ obtained information to supplement the record in these areas, including reports of a consultative examination and pulmonary testing, and no need for further examinations was indicated. In her objection, Plaintiff disputes Judge Purcell's conclusion that the record developed by the ALJ was adequate, arguing that the consultative examiner who evaluated Plaintiff was a general practitioner and that he lacked the necessary expertise to assess her medical condition.

Upon independent consideration, the Court finds the record developed by the ALJ was adequate to decide the issues presented, without obtaining additional evaluations by medical

---

[1] Plaintiff's attempt to incorporate by reference the arguments in her prior briefs is ineffectual; "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Therefore, the Court focuses on the arguments raised in Plaintiff's Objection.

specialists. Plaintiff offers no legal authority to support her contention that a specialist's opinion was required under the circumstances. Judge Purcell correctly states that an ALJ has discretion to order consultative examinations, guided by a standard of "reasonable good judgment." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997). The ALJ properly exercised such judgment in this case by ordering a physical examination, pulmonary function testing, and a psychiatric consultation.

Moreover, an ALJ's duty "is limited to 'fully and fairly develop[ing] the record as to material issues.'" *Id*. (quoting *Baca v. Department of Health & Human ervs*., 5 F.3d 476, 479-80 (10th Cir. 1993) (alteration in *Hawkins*). Plaintiff fails to identify any material issue on which additional medical information was needed. The ALJ found Plaintiff's scoliosis and recurrent pneumonia to constitute "severe impairments" as defined by social security regulations. *See*, *e.g.*, 20 C.F.R. § 404.1520(c). Here, as in *Gardner-Renfro v. Apfel*, No. 00-6077, 2000 WL 1846220, * 3 (10th Cir. Dec. 18, 2000), where the claimant argued that a rheumatology specialist was needed to evaluate a claim of chronic fatigue syndrome, the operative question is whether Plaintiff had functional limitations due to her impairments, and further medical opinions or consultative examinations were not needed to provide an adequate record. Therefore, the Court fully concurs in Judge Purcell's analysis and finds no error in the ALJ's development of the record.

### Evaluation of the Medical Evidence

Plaintiff contends that the ALJ's evaluation of Plaintiff's medical treatment records was inadequate, consisting of only a four-sentence discussion of the relevant time period, and that Judge Purcell engages in impermissible *post hoc* justification of the ALJ's decision by discussing additional medical evidence not addressed by the ALJ. The case on which Plaintiff relies to support her contention that the ALJ's discussion of her treatment records was inadequate, *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), held that an ALJ must provide a sufficient discussion of the medical

evidence to permit judicial review of a step-three determination that the claimant's impairments did not meet or equal any Listed Impairment. In this case, the ALJ carefully explained his step-three analysis. (R. at 18-19.) Further, the court expressly stated in *Clifton*:

> The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is nor required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.

*Id*. at 1009-10 (citation omitted). Upon independent review of the ALJ's decision in this case, the Court finds that the ALJ provided a sufficient explanation of his decision to permit judicial review. Judge Purcell correctly states that the treatment records allegedly overlooked by the ALJ simply document Plaintiff's ongoing problem with recurrent pneumonia. Therefore, the Court concurs in Judge Purcell's conclusion that the ALJ's decision need not be reversed due to an insufficient discussion of the relevant medical evidence.

**Residual Functional Capacity**

Plaintiff's allegation of error with respect to the ALJ's formulation of an RFC for light work focuses on Plaintiff's alleged inability to maintain any work activity on a regular and continuing basis due to frequent episodes of breathing difficulty or pneumonia that required her to undergo nebulizer treatments two to four times per day. Plaintiff contends that Judge Purcell incorrectly states there is no evidence Plaintiff used a nebulizer on a continual basis and that he fails adequately to distinguish *Klitz v. Barnhart*, 180 F. App'x 808 (10th Cir. May 17, 2006).[2]

---

[2] Plaintiff also alleges an error in Judge Purcell's discussion of facts related to Plaintiff's complaints of back pain, which were documented by medical providers or examiners during the relevant time period. Plaintiff denies any contention, however, that her "back problems alone made her unable to perform the RFC for light work" and directs the Court's attention to her allegation of error in the ALJ's failure to consider her nebulizer use and breathing problems. *See* Objection [Doc. No. 19] at 6.

In *Kiltz*, the court of appeals reversed and remanded for further development of facts regarding the claimant's use of a nebulizer for asthma and chronic obstructive pulmonary disease. Due to her chronic medical conditions, the claimant was required to use a home nebulizer two or three days per week and two times per day on those days. The ALJ acknowledged this fact but failed to address its effect on the claimant's ability to work if she lacked access to the nebulizer during a full work day or if she could not use it effectively within normal work breaks. The court of appeals thus determined that the ALJ's finding of an RFC for sedentary work was not supported by substantial evidence in the record. *Id.* at 810.

In this case, the ALJ similarly did not address Plaintiff's nebulizer use, and Plaintiff argues that "the evidence indicates [her] nebulizer treatments would be more disruptive to her ability to work than Ms. Klitz's treatments since [Plaintiff's] doctor instructed her to use her nebulizer every day . . . ." *See* Objection [Doc. 19] at 6. In making this argument, Plaintiff disputes Judge Purcell's statements that the record shows Plaintiff used a nebulizer only "during episodic periods of increased cough and congestion" rather than on a "continual basis." *See* Report [Doc. 18] at 12. Plaintiff cites a treatment note made by her physician, Michael Hartwig, M.D., in June, 2006, during a routine examination to show that her nebulizer use was not episodic. Plaintiff misstates the record. Dr. Hartwig's note regarding current medications states: "Mainly *inhalers* that she uses; Proventil 1 unit q.i.d. on routine basis." (R. at 201, emphasis added.) This note does not support Plaintiff's argument regarding routine use of *nebulizer* treatments. The record reflects that Dr. Hartwig first prescribed nebulizer treatments for Plaintiff during an episode of pneumonia in March, 2003, and again during subsequent episodes in December, 2004, and December, 2005. (R. at 170-74, 206-07.) Plaintiff's testimony at the hearing regarding daily nebulizer use was given in response to the ALJ's questions about "when you have pneumonia." (R. at 221-22.) In short, the record does not support

a claim that Plaintiff was required to use a nebulizer on a continuous, daily basis.  The Court thus concurs in Judge Purcell's conclusion that the ALJ's determination of Plaintiff's RFC, without considering her use of a nebulizer, is supported by substantial evidence in the record.

## Conclusion

Therefore, the Court adopts Judge Purcell's Report and Recommendation [Doc. No. 18]. The Commissioner's decision is AFFIRMED.  Judgment will be entered accordingly.

IT IS SO ORDERED this 26th day of January, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE